APR 21 2021 AM 10:41
FILED M USDC - BPT - CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GILBERT MARRERO ALEJANDRO
          Plaintiff,                    : Civil Action No.
                                          3:21 CV 542 JAM

          v.                            :

ANGEL QUIROS, Commissioner       : TRIAL BY
for the Connecticut Department of    JURY DEMAND
Correction (in his official capacity
only); LALITHA K. PIERI,
Psychologist Supervisor;
JOSEPH C. COLEMAN, Psychologist   COMPLAINT
Supervisor; LINDSEY DICKISON,
LCSW; RICHARD D. BUSH,
LCSW; SHRIMATTIE D. MANIRAM;
LCSW; MARVA MALONE-LYLES,          April 16, 2021
LCSW; JAMES V. CASTRO, LCSW;
WILLIAM J. LONGO, LPC;
ANTHONY CURCELLA, Warden;
KRISTINE BARONE, Warden;
Capt. "John" FLEMING, Unit
Manager;              (cont) →

(cont.)→

EDWARD MALDONADO, DOC-
District Administrator; "John"
DOE #1 through #10
(in their individual capacities);
STATE OF CONNECTICUT--
DEPARTMENT OF CORRECTION
(in its official capacity)
Defendants

I. Jurisdiction and Venue

1. This is a civil action authorized by Title 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under Title 28 U.S.C. Section 1343(a)(3). The plaintiff seeks declaratory relief pursuant to Title 28 U.S.C. Section 2201 and 2202. The plaintiff's claims for injunctive relief are authorized by Title 28 U.S.C. Section 2283 and 2284 and Rule-65 of the Federal Rules of Civil Procedure.

2. Additionally, the plaintiff's seeks supplemental state claims pursuant to Title 28 U.S.C. Section 1367.

3. The court also has jurisdiction of the plaintiff's claims under the Americans With Disabilities Act (ADA)(Title-II), Title 42, U.S.C. 12101, et-seq., and Title 28 Code of Federal Regulations, Section-35.101 et seq., and 28 CFR, Part 42.501, et seq.

-3-

4. The plaintiff also seeks the court to legally explore, to officially recognize and declare the plaintiff's legal claims of his rights to adequate and humane mental health care and his protected rights to dignity under customary international human rights laws and treaties as specifically cited below and within this Complaint.

5. The District of Connecticut is an appropriate venue under Title 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to the claims had occurred.

II. Plaintiff and Defendants

6. The plaintiff, GILBERT MARRERO ALEJANDRO, Inmate #379516, is and was at all times mentioned herein an inmate of the State of Connecticut in the custody of the Department of Correction (DOC). He is currently confined in the MacDougall-Walker Correctional Institution (MWCI) in Suffield, Connecticut.

7. The defendant, ANGEL QUIROS, is the Commissioner for the DOC. He is legally responsible for the overall administration and operation of the DOC and each institution under its jurisdiction, including the DOC-Health Service Division / Mental Health Care for prisoners. The defendant, QUIROS, is being sued in his official capacity for declaratory and injunctive relief only. At no time is the plaintiff seeking monetary relief from defendant QUIROS.

8. The defendants, LALITHA K. PIERI, JOSEPH C. COLEMAN, LINDSEY DICKISON, RICHARD D. BUSH, SHRIMATTIE D. MANIRAM, MARVA MALONE-LYLES, JAMES V. CASTRO, WILLIAM J. LONGO, KRISTINE BARONE, ANTHONY CORCELLA, "John" FLEMING, EDWARD MALDONADO and John DOE #1 through #10, are all DOC employees and they were all involved by their conduct and/or omissions that were unconstitutional, tortious under state common-law, violation of federal statutes and the code-of-federal regulations, and

- 5 -

in violation of customary international human
rights laws and treaties as specifically cited
below and within this Complaint.

9. The defendant, the State of
Connecticut - Department of Correction, is a
state government agency pursant to Connecticut
General Statute, Section 18-1 through 100.
The agency is duty bound for the adherence
and/or enforcement of the Americans With
Disabilities Act (ADA)(Title-II) as cited in
Paragraph-3 above. The defendant-agency is
being sued in its official capacity under the
federal ADA (Title-II) for declaratory,
injunctive and compensatory monetary relief
only. At no time is the plaintiff seeking
monetary punitive damages under the federal
ADA(Title-II) statute.

III. Facts

10. The plaintiff was born in the year
of 1984. From the period of 1999 through
2009, the plaintiff had established in

Puerto Rico a massive psychiatric record involving his serious mental health illness. He has been involuntary confined in three or four psychiatric hospitals during the period in Puerto Rico.

11. On or about 1999, the plaintiff had begun a disturbing history of bodily self-multaliation, whereas he had inflicted deep lacerations to his forearm to cause pain and bleeding in connection to his serious mental health illness. He has committed these lacerations on five or six separate occasions up to the present year of 2021. The plaintiff, at the age of fifteen, began to receive prescribed psychotropic medication in Puerto Rico mental health institutions.

12. In 2009 or 2010, the plaintiff had moved from Puerto Rico to Bristol, Connecticut.

13. In 2010, the plaintiff was arrested for murder in Bristol. By 2013, the plaintiff was convicted for that murder and was

-7-

Sentenced to 60-year of imprisonment.

14. In 2013, prior to the sentencing date for murder, the Plaintiff was interviewed by the state's Probation office Pursuant to a court order. The Pre-Sentencing Investigation (PSI) report was Provided to the sentencing court and to the DOC agency. The PSI report clearly identified the Plaintiff with a serious mental health illness.

15. During the Period of 2010 through 2021, the Plaintiff was Placed on suicide watch by the DOC agency on six or more occasions with each incident lasting several days.

16. For many years during the Plaintiff's incarceration the Plaintiff had repeatedly sought and demanded that he be housed on a single-cell status, whereas he be allowed to live in a Prison cell by himself — without a cellmate due to his serious mental health illness that has repeatedly caused violent

fights and threats that he will kill his cellmate. The repeated and violent altercations with his cellmates and/or other inmates were all due to his serious mental health illness which has also resulted in the plaintiff sustaining serious bodily injury, to his shoulder requiring surgery and subjecting him to pain and suffering.

17. Throughout the period of 2016 and up to the period of 2021, the plaintiff had made verbal and written communications with the defendants, LALITHA K. PIERI, JOSEPH C. COLEMAN, LINDSEY DICKISON, RICHARD D. BUSH, SHRIMATTIE D. MANIRAM, MARVA MALONE-LYLES, JAMES V. CASTRO, WILLIAM J. LONGO, KRISTINE BARONE, ANTHONY CORCELLA, "John" FLEMING, EDWARD MALDONADO and "John" DOE #1 through #10, seeking and demanding to be permitted to live in a prison cell without a cellmate due to his serious mental health illness and violent assaultive behavior. Despite his attempts, the plaintiff was maliciously denied the single-cell status which had and continues to cause him harm to his serious mental health illness and placing other inmates in serious danger of being violently assaulted or killed by the plaintiff, including sustaining bodily injury, as described in Paragraph-16 above.

18. Each of the above-named defendants in Paragraph-17 received the plaintiff's verbal and written communications beginning in 2016 and up to the period of March 2021 seeking and demanding the single-cell status. The medical/mental health files of the plaintiff with the relentless DOC is extensive on the subject-matter and the relentless struggle by the plaintiff seeking single-cell status, and various amount of verbal and written communications with DOC non-mental health staff such as custody employees has been well documented on this matter, including the American Disability Act (Title-II) request for special accommodation seeking a single-cell status.

19. As a proximate result of the malicious and deliberate indifference conduct and/or omissions of the above-named defendants in Paragraph - 1 through 18, the plaintiff has sustained and continues to sustain severe anxiety, fear, pain-and-suffering, deprivation of sleep, self-multilations, mental angnish, emotional distress of a severe kind, continues to suffer from hallucinations (hearing voices), severe schizophrenia, personality, and psychotic disorders, post traumatic stress disorder (PTSD), anti-social and borderline traits, paranoia

delusional thinking and Adjustment Disorder Depressed.

20. The plaintiff continues to suffer and
be the victim of DOC disciplinary process involving
his refusal to accept cellmates, adverse conduct
and self-multilations which are unconstitutional
due to his serious mental health illness which
violates DOC-Administrative Directive-9.5 and
the federal court settlement agreement of
March 8, 2004 in the civil action Office of
Protection Advocacy, et al. v. Wayne Choinski,
et al, Civil Action No. 3:03-cv-1352 (RNC),
United States District Court-District of Connecticut,
to wit:

a. Due to his severe mental illness, the
   plaintiff on January 26, 2021 was issued
   a DOC-Disciplinary Report (CN-9503)
   (administrative disciplinary infraction)
   (Report #MWCI-2101066) for refusing
   to leave the Restrictive Housing Unit
   (RHU) after his segregation time housing
   in RHU had expired. The plaintiff,
   concern for his safety and to others, refused a

cellmate at his new housing location that
he was ordered to move to. The
prison mental health staff DOE #1
through #10 unconstitutionally permitted
the Disciplinary Report to be
issued by security staff to the
plaintiff in violation of DOC-Admin.
Dir. - 9.5 and the federal court
settlement agreement in the OPA v.
Choinski. The infraction was
ultimately dismissed. The unconstitutional
approval of the issuance of the infraction
was committed in bad-faith by DOE#1
through #10. Additionally, the above
described act or omission was a
violation of ADA (Title-II) which
prohibits discrimination against the
plaintiff;

b. Due to his severe mental illness, the
plaintiff on January 26, 2021, was issued
a DOC-Disciplinary Report (CN-9503)
(administrative disciplinary infraction) (Report
# MWCI-2101067) for covering up his

cell door window obstructing security staff
from viewing the plaintiff within his cell and
refusing to remove the obstruction. The
prison mental health staff DOE # 1
through #10, unconstitutionally permitted
the Disciplinary Report to be issued
by security staff to the plaintiff in
violation of DOC-Admin. Dir - 9.5 and
the federal court settlement agreement
in the OPA v. Choinski. The
issuance of the infraction unconstitutionally
resulted in the plaintiff to suffer
six (6) days in punitive segregation,
seven (7) days loss of recreation, thirty
(30) days loss of social visits and
fifteen (15) days loss of Risk Reduction
Earned Credits (RREC). The "Guilty"
plea entered by the plaintiff was due
to his mental duress which renders the
"Guilty" plea as invalid under the
United States Constitution. The
unconstitutional approval of the issuance
of the infraction was committed by DOE #1
through #10. Additionally, the above

act or omission was a violation of
ADA (Title-II) which prohibits
discrimination against the plaintiff;

c. Due to his severe mental illness,
the plaintiff on January 26, 2021 was
issued a DOC-Disciplinary Report
(CN-9503)(administrative disciplinary
infraction)(Report # MWCI-
2101068) for self-mutilation by
cutting his forearm and causing heavy
bleeding. The prison mental health
staff DOE # 1 through # 10
unconstitutionally permitted the
Disciplinary Report to be issued
by security staff to the plaintiff
in violation of DOC-Admin. Dir -
9.5 and the federal court settlement
agreement in the OPA v. Choinski.
The issuance of the infraction unconstitutionally
resulted in the plaintiff to suffer six (6)
days in punitive segregation, seven (7)
days loss of recreation, thirty (30) days
loss of social visits and fifteen (15) days

loss of RREC. The "Guilty" plea
entered by the plaintiff was due to
his mental duress which renders the
"Guilty" plea as invalid under the
United States Constitution. The
unconstitutional approval of the issuance
of the infraction was committed by
DOE #1 through #10. Additionally,
the above act or omission was a
violation of ADA (Title-II) which
prohibits discrimination against the
plaintiff.


21. The plaintiff, despite his serious mental
health illness, all to the full knowledge of each of
the above-named defendants, was forced or under
duress required to select his cellmates as an
unconstitutional alternative. The selection option
was a clear violation of the Americans Disability
Act (Title-II) and had maliciously and intentionally
exacerbated the plaintiff's pain and suffering.
The unconstitutional alternative given to the
plaintiff was the result of the defendants'

discriminatory and their conspiracy to circumvent the ADA (Title-II) statute and to inflict a violation of the plaintiff's federally protected rights under the Eighth and Fourteenth Amendment of the United States Constitution.

22. It should be noted that on June 25, 2018, the plaintiff was placed for seven (7) days in a mental health observation prison cell known as the "IPM" completely naked except for a Fergerson (anti-suicide) gown under camera surveillance. While in that cell, the plaintiff had spoken with the defendant, LALITHA K. PIERI, Psychologist Supervisor. The plaintiff asked PIERI why she had ordered the plaintiff to be placed in such an isolation cell and under such extreme conditions, PIERI replied that she was concern about other inmates' safety from additional assault by the plaintiff. The plaintiff had informed PIERI, ANTHONY CORCELLA and EDWARD MALDONADO, that he had a history of assault on inmates and/or attempting to murder his cellmates in the MacDougall-Walker C.I. (January 15, 2016) and had sustained serious bodily injury to his shoulder requiry surgery, and had needed to be housed by himself (no cellmate) under

single-cell status. PIERI responded that she
intends to speak with the security prison officials
on the single-cell status issue — but failed to
pursue the matter in a diligent manner.

23. As described in Paragraph 1 through 22
within the Complaint, the defendants, QUIROS,
PIERI, COLEMAN, CORCELLA, and MALDONADO,
whose agents, representatives, employees and
subornates, had failed to adequately supervise
their underlings named in their individual capacities
within this Complaint, whom were and continues to
commit acts and/or omissions upon the plaintiff that
were and are unconstitutional all to the very harm of
the plaintiff physically and emotionally.

24. Each and every named defendant within
this Complaint had conspired with each other or,
at the very least, had a meeting of the minds to
intentionally and maliciously violate the plaintiff's
federally protected constitutional rights and these
same defendants did in fact violate those very

-17-

rights as described within this civil action.

25. Any and all acts pursuant to the protection of the ADA (Title-II) upon the plaintiff as described within this Complaint was violated by the official capacity defendants - the State of Connecticut / Department of Correction - a state government agency.

26. The plaintiff has no other remedy at law available to him to end the defendants, named in their official capacities, ongoing unconstitutional conduct and/or omissions unless this federal court issues a preliminary and/or permanent injunction upon the defendants commanding them, in their official capacities to issue the plaintiff a single-cell status during the pendency of this civil action.

IV. Exhaustion of State Administrative
   Remedies

27. The plaintiff, with due diligence
had exhausted any and all state administrative
remedies or, at the very least, had made
a good-faith and legitimate attempt to
do so.

V. FIRST CLAIM FOR RELIEF

(Deliberate Indifference To The Serious
Mental Health Needs of the Plaintiff
Against -PIERI, QUIROS, COLEMAN
DICKISON, BUSH, MANIRAM, CORCELLA,
MALONE-LYLES, CASTRO, LONGO,
BARONE, FLEMING, and MALDONADO
and DOE #1 through #10 (In QUIROS'
official capacity only, and in the individual
capacities only of the remaining defendants),
Title 42 U.S.C. 1983

28. The plaintiff realleges and incorporates by reference each and every allegation in _Paragraph 1_ through 27 above.

29. The deliberate indifference to the serious mental health needs of the plaintiff committed by the above-named defendants, in whole or in part, was without any probable, legal and/or mental health professional cause.

30. The defendants subjected the plaintiff to severe bodily pain and severe emotional distress in violation of the plaintiff's rights under the Fourth, Eighth and Fourteenth Amendment to the United States Constitution.

SECOND CLAIM FOR RELIEF

(Deliberate Indifference To The Serious
Mental Health Needs of the Plaintiff —
Supervisory Liability Against —
CORCELLA, BARONE, PIERI,
COLEMAN and MALDONADO
(In Their Individual Capacities)
Title 42 U.S.C. 1983

31. The plaintiff realleges and incorporates
by reference each and every allegation in Paragraph-
1 through 30 above.

32. Each of these defendants were deliberate
indifferent in supervising their subordinates by
permitting them to block, obstruct, ignore the
plaintiff's needs for a single-cell status due to his
serious mental health illness. The defendant actions
or omissions were without any probable, legal
and/or medical cause for which in turn inflicted
severe bodily harm and serious mental and
emotional distress upon the plaintiff.

33. The acts and/or omissions of these defendants were a contributing factor or proximate cause that inflicted the harm upon the plaintiff in violation of the plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

THIRD CLAIM FOR RELIEF.

(Conspiracy To Deprive Federally Protected Constitutional Rights Against - PIERI, COLEMAN, DICKISON, BUSH, MANIRAM, MALONE-LYLES, CASTRO, CORCELLA, LONGO, BARONE, FLEMING, MALDONADO and DOE # 1 through #10 (In Their Individual Capacities). Title 42 U.S.C. 1983

34. Plaintiff realleges and incorporates by reference each and every allegation in Paragraph-1 through 33 above.

35. Each of the defendants named in this Third Claim For Relief had freely entered and participated in a conspiracy to deprive the plaintiff's federally protected constitutional rights. The conspiracy among themselves were concerted, planned, discussed, organized, agreed upon or, at the very least, these defendants had a meeting of the minds to deprive the plaintiff of his federally protected constitutional rights and that conspiracy was fully executed by the defendants by their conduct described in the Complaint.

36. Each defendant who participated in the conspiracy and acted upon it or through their omissions had violated the plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

(State Common Law Negligence –
Against QUIROS, PIERI, COLEMAN,
DICKISON, BUSH, MANIRAM,
MALONE-LYLES, CASTRO, CORCELLA,
LONGO, BARONE, FLEMING,
MALDONADO and DOE #1 through
#10 (In their Individual and/or
Official Capacities)
Title 28 U.S.C. 1367 – Supplemental
State Claims

37. Plaintiff realleges and incorporates
by reference each and every allegation in
Paragraph – 1 through 36 above.

38. Each and every named defendant
within this Fourth Claim For Relief being
brought in their individual and official capacities
before this court intended to cause bodily
harm and pain upon the plaintiff.

-24-

39. Each and every named defendant in this ~~Fourth Claim For Relief~~ being brought in their individual and official capacities before this court were negligent in their conduct or omissions when no possible, legal and/or mental health professional necessity existed to commit such an act upon the plaintiff.

40. The individual and official defendants intended to cause an imminent apprehension of bodily harm and/or severe bodily pain upon the plaintiff through their actions and/or omissions.

41. The infliction of bodily harm and/or severe bodily pain upon the plaintiff resulted.

42. The plaintiff did not consent to the infliction of bodily harm and/or severe bodily pain that was committed by the defendants upon the plaintiff.

43. The individual and official defendants recklessly disregarded the consequences of their actions and/or omissions.

FIFTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress Against - PIERI, COLEMAN, DICKISON, BUSH, MANIRAM, MALONE-LYLES, CASTRO, CURCELLA, LONGO, BARONE, FLEMING, MALDONADO and DOE #1 through #10 (In their Individual Capacities) Title 42 U.S.C. 1983 Title 28 U.S.C. 1367

44. Plaintiff realleges and incorporates by reference each and every allegation in Paragraph 1 through 43 above.

45. The individual capacity defendants

-26-

intended to inflict emotional distress upon the plaintiff or, knew or should have known, that emotional distress was the likely result of their conduct and/or omissions.

46. The defendants' conduct and/or omissions were, extreme and outrageous.

47. The defendants' conduct and/or omissions were the cause of the plaintiff's emotional distress.

48. The emotional distress sustained by the plaintiff were severe.

## SIXTH CLAIM FOR RELIEF

(Bad-Faith Issuance of An DOC-
Administrative Disciplinary Report
Against - DOE #1 through #10
(In their Individual Capacities)
Title 28 U.S.C. 1367 - Supplemental
State Commonlaw Tort Claim.

49. Plaintiff realleges and incorporates
by reference each and every allegation in
Paragraph - 1 through 48 above.

50. The defendants issued, in bad-faith,
a DOC-Administrative Disciplinary Report pursuant
to state common law torts as described in
Paragraph - 20(a) above to inflict fear and
intimidation upon the plaintiff in reprisal for
demanding a single sell status. The plaintiff
sustain the infliction of that fear and
intimidation. At no time was the issuance of
such disciplinary report was legally and/or
penalogically justified.

-28-

SEVENTH CLAIM FOR RELIEF

(Violation of Due Process Under
the Fourteenth Amendment For
The Issuance of Two DOC-
Administrative Disciplinary Report
and Unconstitutional Punishment
Against - DOE # 1 through #10
(In their Individual Capacities)
Title 42 U.S.C. 1983

51. Plaintiff realleges and incorporates
by reference each and every allegation in
Paragraph - 1 through 50 above.

52. The defendants had issued two
DOC-Administrative Disciplinary Reports and
imposed Unconstitutional Punishment when they
knew, or should have known, that the
conduct of the plaintiff described in Paragraph-
20 (b) and (c) were in fact caused by the
plaintiff's mental health illness. As such
the punishment imposed upon the plaintiff
was in violation of his due process under

-29-

the Fourteenth Amendment of the United States Constitution.

## EIGHTH CLAIM FOR RELIEF

(Violation of the ADA (Title-II) Statute Based On Discrimination Against The Plaintiff Who Suffers From Severe Mental Health Illness Against - The State of Connecticut Department of Correction (In their Official Capacity)

53. Plaintiff realleges and incorporates by reference each and every allegation in Paragraph - 1 through 52 above.

54. The defendant violated the American Disability Act (Title-II) based on denial of special accommodations and discrimination of the plaintiff's mental health illness as described within this Complaint. The discrimination was without legal cause and was committed to

maliciously deny the plaintiff his statutory
rights under APA (Title-II). This discrimination
was coldly calculated by the defendant to
circumvent the ADA federal law on special
accomodation.


## NINTH CLAIM FOR RELIEF

(Violation of International Treaties
Against - QUIROS, the STATE OF
CONNECTICUT DEPARTMENT OF
CORRECTION (In Their Official
Capacities)

55. Plaintiff realleges and incorporates
by reference each and every allegation in Paragraph
1 through 54 above.

56. The defendants, QUIROS, the
STATE OF CONNECTICUT DEPARTMENT
OF CORRECTION, did violate the International
Covenant on Civil and Political Rights, Article-10(1),

(Done at New York on December 16, 1966, entered into force March 23, 1976, for the United States in June 1992); the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment (Adopted and Opened for signature, Ratification and Accession by the United Nations General Assembly, Resolution 39/46 of December 10, 1984) (entered into force on June 26, 1987); the Standard Minimum Rules For the Treatment of Prisoners, Article-22 through 32 (adopted by the First United Nations Congress on the Prevention of Crime and the Treatment of Offenders, held at Geneva in 1955, and approved by the Economic and Social Council by its resolutions 663-C (XXIV) of July 31, 1957, and resolution 2076 (LXII) of May 13, 1977; the Convention On The Rights of Persons With Disabilities (CRPD). The violations of these international treaties were coldly calculated by the defendants to circumvent its enforcement and world laws.

## TENTH CLAIM FOR RELIEF

(Violation of Customary International
Human Rights Laws Against -
QUIROS, the STATE OF
CONNECTICUT/DEPARTMENT
OF CORRECTION (In Their Official
Capacities)

57. Plaintiff realleges and incorporates
by reference each and every allegation in Paragraph
1 through 56 above.

58. The plaintiff seeks this federal court
to legally explore, to officially recognize and
declare that the plaintiff's rights to protection
of his dignity under customary international human
rights laws, whereas the alleged violations by
the defendants as described above did, in fact,
deprived and continues to deprive the plaintiff's
international human rights to dignity.

59. More specifically, the defendants
violated the United Nations Charter, signed on

-33-

June 26, 1945, and entered into force October 24, 1945; the United Nations Universal Declaration of Human Rights (adopted and Proclaimed by the U.N. General Assembly Resolution 217-A (III) of December 10, 1948); the Final Act of the Conference On Security and Cooperation In Europe (the "Helsinki Accords"), whereas on August 1, 1975, the United States and 34 other countries agreed upon the human rights provisions of the Helsinki Accords which express the commitment of the participating States to observe and respect the inherent dignity of the human person. (See Glensy, Rex D., The Right To Dignity, Columbia Human Rights Law Review, Vol.-43, No.1, Fall-2011 (for background on the evolution of the moral and legal rights to dignity, and its incorporation with international human rights customary law recognition; see also Sloss, David L., How International Human Rights Transformed The U.S. Constitution, Human Rights Quarterly, Vol-38, No. 2, May 2016 at Page-426 through 449. Please also examine: Hicks, Donna,

Dignity: The Essential Role It Plays In Resolving Conflict, Publ: Yale University Press, New Haven, CT, 2013 — the professor author of Harvard University and at Columbia University is a psychologist specializing on dignity violation ramifications); Rosen, Michael, Dignity: Its History and Meaning, Publ: Harvard University Press, Cambridge, MA, 2012; Kateb, George, Human Dignity, Publ: Harvard University Press, Cambridge, MA, 2011; Quataert, Jean H., Advocating Dignity: Human Rights Mobilization In Global Politics, Publ: University of Pennsylvania Press, 2010; Luban, David, Legal Ethics and Human Dignity (2007); Kretzmer, D., and E. Klein, The Concept of Human Dignity In Human Rights Discourse (2002); Harris, George W., Dignity and Vulnerability (1997); Meyer, Michael J., and William A. Parent (eds.), The Constitution of Rights: Human Dignity and American Values, Publ: Cornell University Press, Ithaca, NY, 1992; and the Restatement (Third) of Foreign Relations Law, Section — 702 (1987) (on United States courts' recognition of several

customary international human rights laws
and standards).

## VI. PRAY FOR RELIEF

WHEREFORE, the plaintiff respectfully
seeks that this court enter judgment granting
the plaintiff the following relief:

60. A declaration that the acts and/or
omissions described herein had violated the
plaintiff's rights under the Constitution, statutes
and laws of the United States and had and
continues to violate international human rights
laws and treaties

61 The plaintiff's application for an
ORDER TO SHOW CAUSE and evidentiary
hearing and determination for a preliminary
injunction should be granted commanding the
defendant, ANGEL QUIROS, DOC-Commissioner,
and the STATE OF CONNECTICUT / DEPARTMENT

-36-

OF CORRECTION, in their official capacities, and with their designates, employees, representatives and/or agents, who are in concert with them, and/or replaces, substitutes or performs for him, to immediately provide the plaintiff with a single-cell status as described within this civil action.

62. Upon the completion of trial and determination, the court to issue a permanent injunction commanding the defendant, ANGEL QUIROS, DOC-Commissioner, and the State of Connecticut/Department of Correction, in their official capacities, and with their designates, employees, representatives and/or agents, who are in concert with them, and/or replaces, substitutes or performs for him, to immediately provide the plaintiff with a single-cell status.

63. Compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000) DOLLARS against each and every named individual capacity defendant, jointly and

severally, and punitive damages in the
amount of TWO MILLION ($2,000,000)
DOLLARS against each and every named
individual capacity defendant, jointly and
severally. 42 U.S.C. 1983 and 28 U.S.C
1367 claims.

64. Compensatory damages in the
amount of FIVE HUNDRED THOUSAND
($500,000) DOLLARS against the
defendant, STATE OF CONNECTICUT/
DEPARTMENT OF CORRECTION, pursuant
to the American Disabilities Act (Title-II).
The plaintiff does not seek punitive damages
against the defendant.

65. A jury trial on all issues triable
by jury.

66. Award the plaintiff cost and
grant such other relief as this court may
deem just and equitable, including reasonable
attorney fees pursuant to Title 42 U.S.C,
1988 other applicable law.

-38-

Submitted by:

Gilbert O. Marrero Alejandro

Gilbert Marrero Alejandro

# 379516

(Pro Se Plaintiff)

MacDougall-Walker CI

1153 East Street, South

Suffield, CT 06080